FILED'08 JUL 22 12:43USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIE A. BAKER,                                Civil No. 07-712-AA
                                               OPINION AND ORDER
            Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

Martin R. Cohen
Attorney At Law
PO Box 1229
Lake Oswego, Oregon 97035

Linda S. Ziskin
Attorney At Law
3 Monroe Parkway, Suite P, PMB #323
Lake Oswego, Oregon 97035
    Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

L. Jamala Edwards
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Judge:

Claimant, Julie Baker, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On September 6, 2002, plaintiff filed applications for both DIB and SSI. Tr. 54-57, 457, 458-60. After the applications were denied initially and on reconsideration, on February 15, 2005, plaintiff appeared and testified before an administrative law judge (ALJ). Tr. 512-548. On March 21, 2005, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15-23. On June 21, 2005, the Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 6-9. Plaintiff sought judicial review. Tr. 564. This court reversed the ALJ's decision and remanded for further proceedings. Tr. 564-77. Another hearing was held and on March 14, 2007, the ALJ again found plaintiff not disabled. Tr. 549. Plaintiff files an appeal to this court.

## STATEMENT OF THE FACTS

Plaintiff was born on October 5, 1959. Tr. 54. With some time off between jobs, plaintiff worked from January 1979, to October 2001, as a budget analyst and accountant. Tr. 93. Plaintiff was 48-years-old at the time of the ALJ's second

2   - OPINION AND ORDER

decision, with a high school education and some college course work. Tr. 54, 98. Plaintiff has past work experience as an accountant, budget analyst, credit manager, and internal auditor. Tr. 93, 128-35, 540-41. At her last job, plaintiff earned a salary of $42,000 per year plus bonuses. Tr. 93. Plaintiff alleges disability since October 2001, due to migraine headaches, medication side effects, hearing loss associated with status-post ear surgery, depression, and other mental impairments.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

3    - OPINION AND ORDER

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the

4   - OPINION AND ORDER

national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### 1. The ALJ's Findings

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 556. At step two, the ALJ found that plaintiff's headaches, depression, pain disorder and diabetes were severe impairments. Id. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 555. Regarding plaintiff's residual functional capacity (RFC), the ALJ found plaintiff could perform light work. Tr. 557; 20 C.F.R. §§ 404.1567, 416.967. Further, plaintiff was limited to occasional use of scaffolds and ladders. Tr. 557. The ALJ also found plaintiff capable of performing 1,2, and 3-step tasks, if maintaining concentration for extended periods. Id. At step four, the ALJ found plaintiff could not perform her past relevant work. Tr. 561. Finally, at step five, the ALJ found plaintiff was not disabled because she could perform other work existing in significant numbers in the national economy; specifically as an office helper or order caller, both classified as light, unskilled employment. Tr. 562.

///
///
///
///
///

5   - OPINION AND ORDER

2. <u>Plaintiff's Allegations of Error</u>[1]

Plaintiff alleges that the ALJ failed to comply with this court's remand order in that the ALJ failed to present a hypothetical to the Vocational Expert (VE) which was based on an accurate assessment of plaintiff's functional limitations. Tr. 573. The plaintiff also alleges error by the ALJ in failing to consider the side effects of plaintiff's medications.

A. CONSIDERATION OF SIDE EFFECTS OF MEDICATION

The ALJ adequately addressed and rejected this allegation. The ALJ specifically noted that he would consider "the type, dosage, effectiveness and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms" when assessing plaintiff's severity of impairment and resulting credibility. Tr. 558. There is no evidence that plaintiff complained of any medication side effects to any medical source. Tr. 560. As noted previously, the record contains evidence of alcohol and drug dependency, and secondary gain motives. Tr. 552-563. The court notes that plaintiff's daughter provided the ALJ with a statement whereby she questioned plaintiff's overuse of medication and veracity. Tr. 384-85. The ALJ previously found plaintiff not credible and that the medical evidence failed to support the severity of plaintiff's disabling impairments. The court will not disturb that finding.

B. FAILURE TO COMPLY WITH REMAND ORDER

This court previously remanded this case with instructions

---

[1] The plaintiff also suggests other errors, however recognizes this court's previous rejection of those arguments. The court declines to reconsider arguments previously made by plaintiff and rejected by this court.

6   - OPINION AND ORDER

to the ALJ to hold a second hearing to pose a hypothetical to the VE that included plaintiff's limitations to 1,2, 3-step tasks and to simple, routine and repetitive tasks.

Job descriptions in the DOT contain several components, including a measurement tool called the Specific Vocational Preparation (SVP) scale. The SVP is defined as the amount of time a typical worker requires to learn techniques, acquire the information, and develop the facility needed for average performance in a specific job. The DOT classifies SVP at levels 1 through 9. Unskilled work has an SVP of 1 or 2. SSR 00-4p, at *3. The time required to learn a job with an SVP of 2 is anything beyond "short demonstration" and up to and including 1 month. 20 C.F.R. §§ 404.1568(a), 416.968(a). The DOT indicates that each of the jobs identified by the VE here have a SVP of 2, corresponding to unskilled work. WL DICOT 239.567-010 (office helper) and 209.667.014 (order caller). Unskilled work is simple work requiring little or no judgment and primarily deals with objects rather than people. 20 C.F.R. §§ 404.1568(a), 416.968(a).

A second component to a DOT job description is the General Educational Development (GED) scale. The GED measures an individual's educational achievement in reasoning, math and language. The DOT explains that the GED includes general education, specifically, education obtained in formal schooling, as well as education or knowledge obtained from experience and self-study. WL DICOT Appendix C. The DOT defines the first two levels of reasoning development as follows:

///

7    - OPINION AND ORDER

> LEVEL 1 - Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
> LEVEL 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Id.

Plaintiff asserts that she is unable to perform the jobs identified by the VE because they require a Reasoning Level 2 on the GED scale. Pl's Memo, p. 19-21. Plaintiff argues that unskilled work encompasses jobs which require more complexity than "simple 1-2-3 step instructions" as described in DOT.

The Commissioner responds that this argument "lacks merit as the ALJ limited Plaintiff to unskilled work that involved no more than 1,2 and 3 step tasks" in the hypothetical presented to the VE. Defendant's Brief, p. 6. The VE found two jobs, officer helper and order caller, that satisfied plaintiff's need for unskilled jobs and, according to the VE, involved no more than 1,2, 3 step tasks. The defendant notes that unskilled work corresponds to jobs with an SVP of 2 and that both identified jobs have an SVP of 2, therefore, no conflict exists between plaintiff's limitation to unskilled work and these jobs. Id.

At step five of the sequential evaluation process, an ALJ may generally rely on the testimony of a VE. 20 C.F.R. §§ 404.1566(e), 416.966(e). The Commissioner takes administrative notice of job information in the DOT, but also relies on information provided by a VE. 20 C.F.R. §§ 404.966(d), 416.966(d). When a conflict exists between the two sources, the ALJ may rely on the VE's testimony when he or she provides a

8   - OPINION AND ORDER

reasonable explanation of the conflict based on the ALJ's experience. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)(ALJ may rely on VE testimony that contradicts the DOT when the record contains persuasive evidence to support the deviation).

Here, the parties concede that the Ninth Circuit Court of Appeals has not yet addressed the issue of whether a plaintiff limited to simple, repetitive work and 1,2, 3-step tasks can perform jobs with a GED Reasoning Level 2. Nevertheless, I find no persuasive evidence to support the argument that in order to be defined as "unskilled work," a job must have a GED Reasoning Level of 1. Here, plaintiff is a high school graduate with some college. The ALJ found that she met the educational/reasoning level requirement (GED 2) to perform unskilled work due to her educational background. Although the DOT definition states that GED 2 level jobs require the ability to carry out "detailed instructions," it also specifically states that the instructions are "uninvolved" involving a "few concrete variables" from "standardized situations." Moreover, the Commissioner defines unskilled work as simple work with an SVP or 1 or 2. 20 C.F.R. §§ 404.1568(a), 416.968(a). The Commissioner also presumes that plaintiffs with a marginal education (6th grade or less) or a limited education (7th - 11th grades) have the reasoning ability to perform unskilled work. 20 C.F.R. §§ 404.1564(b)(2)-(3), 416.964(b)(2)-(3).

Finally, three circuits have examined this question and held that a GED Reasoning Level 2 is consistent with a restriction to simple, routine, repetitive work. See Hackett v.

9   - OPINION AND ORDER

Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(GED "level two reasoning appears more consistent with plaintiff's RFC" to "simple and routine work tasks"); Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007)(unskilled work consistent with GED Reasoning Level 3); and Money v. Barnhart, No. 03-2553, 2004 WL 352291, at *3 (3rd Cir. Feb. 24, 2004)("working at [GED] reasoning level 2 would not contradict the mandate that her work be simple, routine and repetitive"). See also, Meissl v. Barnhart, 403 F.Supp.2d 981, 983-85 (C.D. Cal. 2005).

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this 21 day of July 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge